IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

AWES SEIKHUNA,

      Plaintiff,

      v.

JAMIE MILLER, et al.,

      Defendants.

YOU, Magistrate Judge.

Case No. 2:24-cv-00739-YY

FINDINGS AND
RECOMMENDATIONS

### FINDINGS

Plaintiff, an adult in custody at the Snake River Correctional Institution, brings this 42 U.S.C. § 1983 civil rights action as a self-represented litigant. Currently before the Court is Defendants' Motion to Dismiss for Failure to State a Claim (ECF 22). The motion should be granted in part and denied in part for the reasons explained below.

### I.   Plaintiff's Complaint

Plaintiff alleges he injured his shoulder while exercising on October 30, 2022, and immediately put in a medical request. He alleges he was seen by a community medical provider on February 2, 2023, who noted that Plaintiff "demonstrates visible atrophy of pectoralis and there is a palpable deformity at the anterior shoulder indicative of a probable rupture of pectoralis major tendon." The provider recommended stretches and exercises, but also noted concern about "the probable tendon rupture and if it is the urgent need for assessment if repair is indicated." The provider also "recommend[ed] a consult with an orthopedic specialist sooner

1 – FINDINGS AND RECOMMENDATIONS

than later as repair becomes more difficult in time." This recommendation was communicated to the Therapeutic Level of Care Committee ("TLC Committee").

On February 15, 2023, the TLC Committee approved Plaintiff for an orthopedic consult. Plaintiff submitted a medical request on March 1, 2024, reporting that he was still suffering from pain and unable to function properly due to his injury. On March 16, 2024, Plaintiff was again seen by his community medical provider who recommended that Plaintiff continue stretching and exercises, but also noted that Plaintiff needed a consult with an orthopedic specialist as soon as possible to determine whether surgical repair was necessary.

On April 12, 2023, Plaintiff was seen by an outside orthopedic specialist at St. Alphonsus medical center. The specialist expressed concern for a pectoral tendon rupture and ordered an MRI. On May 31, 2023, the TLC Committee approved Plaintiff for a shoulder MRI. On July 5, 2023, Plaintiff received the MRI, which showed that the pectoralis major tendon appeared torn at the myotendinous junction. On July 26, 2023, the TLC Committee approved Plaintiff for another orthopedic consultation.

On September 25, 2023, Plaintiff was seen by another orthopedic specialist at St. Alphonsus medical center. The specialist reported that surgical repair of tendon tear was possible, but this specialist had no experience with the type of surgery required and recommended that Plaintiff be referred to a surgeon experienced in chronic pectoral tendon tears performed with allograft.

On October 18, 2023, the TLC Committee denied approval of the recommended course of action, and instead ordered ongoing clinical follow up and physical therapy as needed. On November 8, 2023, Plaintiff received a TLC Committee Decision Communication stating that

referral to a specialist was denied. Plaintiff submitted a further medical request on March 31, 2024, but has not been seen by a doctor or orthopedic specialist.

Plaintiff filed this action, naming as defendants SRCI Superintendent Jamie Miller and four individual SRCI health care providers, each of whom Plaintiff identifies as a member of the TLC Committee. Plaintiff alleges Defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment by their deliberate indifference to his serious medical need, as well as a state law claim of intentional infliction of emotional distress. By way of remedy Plaintiff seeks money damages as well as injunctive relief in the form of an order requiring Defendants to refer him to a surgical specialist.

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. As to the deliberate indifference claim, Defendants contend Plaintiff fails to allege facts sufficient to support a claim that the chosen course of treatment was taken in conscious disregard of an excessive risk to Plaintiff's health and that Plaintiff does not allege facts sufficient to show any of individual defendants were personally involved in the deprivation of his rights. Defendants also argue that Plaintiff cannot meet the standard required to grant injunctive relief in the form an order requiring defendants to refer him to a specialist. Finally, Defendants contend that, to the extent Plaintiff's Complaint alleges a state law claim for intentional infliction of emotional distress, Plaintiff failed to allege compliance with the Oregon Tort Claims Act's notice provision and, in any event, the claim is barred under the Eleventh Amendment.

## II.   Legal Standards

"A pleading that states a claim for relief must contain ... a short and plain statement of the grounds for the court's jurisdiction; . . . a short and plain statement of the claim showing that the

pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). "Rule 8 does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2006) (citations omitted). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Federal courts hold a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *see Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam) (holding a document filed *pro se* "is to be liberally construed"; a plaintiff need only give the defendant fair notice of the claim and the grounds on which it rests) (citation omitted). "Although . . . *pro se* litigant[s] . . . may be entitled to great leeway when the court construes [their] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Before dismissing a case for failure to state a claim, the court must provide a *pro se* litigant with notice of the deficiencies in the complaint and an opportunity to amend, unless it is apparent that amendment would be futile. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

//

//

//

4 – FINDINGS AND RECOMMENDATIONS

### III.    Eighth Amendment Claim

#### A.    Denial of Medical Care

To state an Eighth Amendment claim regarding medical care, a plaintiff must allege facts establishing that the plaintiff suffered a sufficiently serious deprivation (the objective prong of the claim) and that officials acted with deliberate indifference in allowing or causing the deprivation to occur (the subjective prong of the claim). *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). Thus, when a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

A viable Eighth Amendment medical claim contains two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin*, 974 F.2d at 1059. A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* at 1059 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id*. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). If a prisoner establishes the existence of a serious medical need, the prisoner must then show that prison officials responded to it with deliberate indifference. *Id*. at 834. In general, a prisoner may show deliberate indifference with evidence that officials denied, delayed, or intentionally interfered with medical treatment, or may show it by the way in which prison officials actively provided medical care. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id*. (quotation omitted). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id*. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." *Id*. (citing *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff adequately alleges an Eighth Amendment claim for the denial of medical care. Plaintiff plausibly alleges facts establishing a serious medical need with respect to his shoulder injury. Plaintiff also plausibly alleges facts establishing that, despite numerous recommendations and orders from outside medical providers, and despite Plaintiff's extensive written communications concerning his medical needs, the TLC Committee deliberately failed to perform substantive direct or indirect actions to ensure Plaintiff received necessary and timely medical treatment for his condition. Plaintiff plausibly alleges that the continued denial of treatment and outright refusal to address Plaintiff's condition has resulted in further deterioration of that condition. Accordingly, Plaintiff alleges a plausible Eighth Amendment claim,

particularly in light of the Court's requirement to hold *pro se* pleadings to a less stringent standard and to liberally construe the Complaint in favor of Plaintiff.

### B.    Personal Involvement

Section 1983 liability "arises only upon a showing of personal participation by the defendant," acting under color of state law, that deprived the plaintiff of a constitutional or federal statutory right. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Id*. at 1045; *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). A § 1983 claim also requires proof of causation, and allegations regarding causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Menefee v. Washington Cty. Cir. Ct.*, No. 3:20-CV-01647-AC, 2020 WL 7212564, at *1 (D. Or. Dec. 4, 2020) (citing *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988)). Thus, a plaintiff "'must plead that each government-official defendant, through the official's own individual actions, has violated the constitution.'" *Smith v. Meyer*, No. 6:21-CV-00997-IM, 2021 WL 3172921, at *3 (D. Or. July 26, 2021) (quoting *Ashcroft*, 556 U.S. at 678).

Supervisors are not vicariously liable for unconstitutional acts committed by the individuals they oversee, but "they can be liable for their own conduct." *Peralta v. Dillard*, 744 F.3d 1076, 1085 (9th Cir. 2014) (en banc). A supervisor may be liable under § 1983 only upon a showing of either (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

Plaintiff alleges Defendant Miller, the SRCI Superintendent, "knew or should have known" that the "actions/omissions as alleged herein were occurring and were in direct violation of the Constitution of the United States[.]" Without more, this is insufficient to support a claim that Miller was personally involved in the violation of Plaintiff's rights and, therefore, Plaintiff has not alleged a § 1983 claim against Miller.

As to the remaining Defendants, Plaintiff alleges that each individual was a member of the TLC Committee, who refused to refer Plaintiff to a surgical specialist for his pectoralis tendon tear, despite the repeated recommendations from community providers and despite Plaintiff's continued serious medical needs. Again, in light of the Court's requirement to hold *pro se* pleadings to a less stringent standard and to liberally construe the Complaint in a plaintiff's favor, these allegations of personal involvement are sufficient to state a claim upon which relief may be granted.

### C.    Injunctive Relief

Defendants also move to dismiss plaintiff's claim for injunctive relief, contending that Plaintiff cannot show a likelihood of success on the merits. Plaintiff has requested injunctive relief in his Complaint, but is not seeking such relief through either a motion for preliminary injunction or a temporary restraining order. Defendants provide no authority that would authorize the Court to dismiss Plaintiff's claim for injunctive relief at this time. Though it may be appropriate at a later stage of the litigation to deny Plaintiff's request for injunctive relief, it is not clear that the Court can reach this decision on a motion to dismiss. *See Friends of Frederick Seig Grove #94 v. Sonoma Cnty. Water Agency*, 124 F.Supp.2d 1161, 1172 (N.D. Cal. 2000) (denying motion to dismiss claim for injunctive relief as premature, explaining that "[w]hile the

Court may ultimately agree with the defendants that injunctive relief is inappropriate, it is by no means evident that the Court can reach such a determination on a motion to dismiss.").

## IV.    State Tort Law Claim

In addition to his Eighth Amendment claim, Plaintiff alleges a state law claim of intentional infliction of emotion distress. A federal court exercising supplemental jurisdiction analyzes such claims under the law of the state in which the claims originate. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). In Oregon, for actions brought against state employees acting within the scope of their official duties, the Oregon Tort Claims Act requires that the State of Oregon be substituted as the defendant for the individuals so long as statutory caps are not exceeded (which they are not in this case). *See* O.R.S. 30.265(3).

Defendants contend that, upon substituting the state as defendant, Plaintiff's state law claim is barred by sovereign immunity under the Eleventh Amendment, which states: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of anther State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment has been construed to bar suits by citizens against their own states or other states. *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 360 (2001); *Papasan v. Allain*, 478 U.S. 265, 276, (1986); *Eason v. Clark County School District*, 303 F.3d 1137, 1140 (9th Cir. 2002). As a result, "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). Although the State of Oregon has consented to be sued in Oregon's state courts by way of the Oregon Tort Claims Act, the State has not consented to be sued in federal court. *Webber v. First Student, Inc.*, 928 F. Supp. 2d

1244, 1269 (D. Or. 2013). The State of Oregon therefore enjoys the protections of the Eleventh

Amendment, and Plaintiff's claim of intentional infliction of emotional distress must be

dismissed.[1]

## RECOMMENDATION

Defendants' Motion to Dismiss Plaintiff's Complaint (ECF 22) should be GRANTED IN

PART and DENIED IN PART: the Motion should be GRANTED to the extent that Plaintiff's

state law claim of intentional infliction of emotional distress should be dismissed, as well as

Plaintiff's Eighth Amendment claim against Defendant Miller, and the Motion should be

DENIED as to Plaintiff's Eighth Amendment claims against the remaining defendants and

Plaintiff's claim for injunction relief.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if

any, are due by October 15, 2025. If no objections are filed, then the Findings and

Recommendation will go under advisement that date.

If objections are filed, then a response is due within 14 days after being service with a

copy of the objections. When the response is due or filed, whichever date is earlier, the Findings

and Recommendation will go under advisement.

## NOTICE

These Findings and Recommendation are not an order that is immediately appealable to

---

[1] Defendants also argue that Plaintiff has failed to allege that he complied with the Oregon Tort
Claims Act's notice provision requiring that notice be given 180 days before suit. Given that the
State of Oregon has sovereign immunity, the Court need not address this argument.

the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1) of the Federal

Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED September 25, 2025.

_____/s/ Youlee Yim You_____
Youlee Yim You
United States Magistrate Judge

11 – FINDINGS AND RECOMMENDATIONS