IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AWES SHEIKHUNA**,<br><br>         Plaintiff,<br><br>    v.<br><br>**JAMIE MILLER**, et al.,<br><br>         Defendant. | Case No. 2:24-cv-00739-YY<br><br>**ORDER ADOPTING F&R GRANTING IN PART & DENYING IN PART DEFENDANTS' MOTION TO DISMISS WITH MODIFICATION** |

Awes Sheikhuna, Snake River Correctional Institution, 777 Stanton Blvd, Ontario, OR 97914-8335Ontario, OR 97217. Pro Se.

Nathaniel Aggrey, Oregon Department of Justice, 1162 Court Street NE, Salem, OR 97301. Attorney for Jamie Miller, Ashley Clements, John Frank, Wendy Siegersma, and Judy Williams. Jennifer A. Street, Glascock Street Waxler LLP, 6720 S Macadam Ave, Suite 125, Portland, OR 97219. Attorney for Warren Roberts.

**IMMERGUT, District Judge.**

Plaintiff Awes Sheikhuna, an adult in custody at the Snake River Correctional Institution proceeding pro se, brings this 42 U.S.C. § 1983 action against Superintendent Jamie Miller and certain members of Snake River's Therapeutic Level of Care Committee ("Committee")—Ashley Clements, John Frank, Wendy Siegersma, Warren Roberts, and Judy Williams. Complaint, ECF 2 at 3–4.

PAGE 1 – ORDER ADOPTING F&R GRANTING IN PART & DENYING IN PART DEFENDANTS' MOTION TO DISMISS

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs when the Committee declined to refer Plaintiff to a specialized surgeon, despite his specialist's order, and instead ordered ongoing follow-up and physical therapy. *Id.* ¶¶ 20–23. Plaintiff brings one Section 1983 deliberate indifference claim under the Eighth Amendment and one state law claim for intentional infliction of emotional distress (IIED). *Id.* at 7–8, 11. On January 13, 2025, Defendants moved to dismiss Plaintiff's complaint for failure to state a claim. Motion to Dismiss, ECF 22.

On September 25, 2025, Magistrate Judge Youlee Yim You issued her Findings & Recommendations ("F&R"), which recommended this Court grant in part and deny in part Defendants' motion to dismiss. F&R, ECF 31. Judge You concluded that Plaintiff stated a Section 1983 claim for deliberate indifference under the Eighth Amendment against the Committee members but not against Superintendent Jamie Miller. *Id.* at 6–8. Judge You concluded that Plaintiff failed to state an IIED claim because the State of Oregon is the proper defendant and the state is immune under the Eleventh Amendment. *Id.* at 910. Judge You recommended denying Defendants' request to dismiss Plaintiff's claim for injunctive relief because she concluded that it is not clear that the Court can dismiss Plaintiff's claim for injunctive relief on a motion to dismiss. *Id.* at 8. Plaintiff filed timely objections to the F&R. Plaintiff's Objections, ECF 33.

This Court has reviewed de novo the portion of the F&R to which Plaintiff objected. For the following reasons, the Court ADOPTS Magistrate Judge You's F&R but MODIFIES the F&R's analysis with respect to Section III.C, Injunctive Relief. Although this Court agrees with Judge You's decision to deny Defendants' motion to dismiss Plaintiff's claim for injunctive

relief, this Court declines to adopt the analysis in Section III.C and provides its own analysis of Defendants' motion to dismiss Plaintiff's claim for injunctive relief below.

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

This Court has reviewed de novo the portions of Judge You's F&R to which Plaintiff objected. Judge You's F&R is adopted, but modified as to Section III.C, Injunctive Relief. Regarding Defendants' motion to dismiss Plaintiff's claim for injunctive relief, this Court finds as follows.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). When seeking preliminary injunctive relief, a plaintiff must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]n cases involving a constitutional claim, a

likelihood of success on the merits usually establishes irreparable harm . . . and strongly tips the balance of equities and public interest in favor of granting a preliminary injunction." *Baird v. Bonta*, 81 F.4th 1036, 1048 (9th Cir. 2023) (citation omitted).

Plaintiff has stated a Section 1983 claim for a violation of his Eighth Amendment rights. *See* F&R, ECF 31 at 5–7. Accordingly, this Court finds that he has adequately pled a claim for injunctive relief based on his alleged ongoing constitutional depravation. *See Allen v. Clark Cnty. Det. Ctr.*, No. 2:10-CV-00857-RLH-GW, 2012 WL 2930074, at *2 (D. Nev. July 18, 2012) (finding a plaintiff's request for injunctive relief proper where he plausibly alleged ongoing Eighth Amendment violations); *Gray v. Woodford*, No. CIV. 05CV1475J(CAB), 2007 WL 2790588, at *16 (S.D. Cal. Sept. 25, 2007) (denying motion to dismiss injunctive relief where plaintiff adequately pled an ongoing violation of his constitutional rights).

Defendants argue that Plaintiff cannot meet the standard required to grant injunctive relief because "health services remain available to [P]laintiff." Motion to Dismiss, ECF 22 at 6. Access to other health services does not negate the ongoing constitutional deprivation Plaintiff alleged. Defendants' motion to dismiss Plaintiff's claim for injunctive relief is DENIED. In denying this motion, this Court finds that Plaintiff plausibly alleged a claim for injunctive relief. The Court makes no determination on Plaintiff's ultimate entitlement to a preliminary or permanent injunction.

This Court ADOPTS Magistrate Judge You's F&R, ECF 31, with modification as to Section III.C, Injunctive Relief. Defendants motion to dismiss, ECF 22, is GRANTED IN PART and DENIED IN PART. Defendants' motion to dismiss Plaintiff's IIED claim as to all Defendants is GRANTED. Defendants' motion to dismiss Plaintiff's Section 1983 claim against Defendant Jamie Miller is GRANTED. Defendants' motion to dismiss Plaintiff's Section 1983

claim against Defendants Ashley Clements, John Frank, Wendy Siegersma, Judy Williams, and Warren Roberts is DENIED. Defendants' motion to dismiss Plaintiff's claims for injunctive relief is DENIED. Plaintiff is ORDERED to file an amended complaint that complies with this order within twenty-eight (28) days of this order and no later than January 26, 2026. Failure to file a timely amended complaint may result in the action being dismissed.

**IT IS SO ORDERED**.

DATED this 29th day of December, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge